UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

OREST BAIDAN,

    Plaintiff,

v.

JACOB SHULL,

    Defendant.

Case No. 24-cv-03171-VKD

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 13

Plaintiff Orest Baidan brings this action against defendant Jacob Shull, an officer of the Mountain View Police Department, asserting violations of his civil rights, pursuant to 42 U.S.C. § 1983, for excessive force in violation of the Fourth Amendment (claim 1), and unlawful arrest in violation of the Fourth Amendment (claim 2).[1] Dkt. No. 1 ¶¶ 8-11. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Officer Shull moves to dismiss Mr. Baidan's unlawful arrest claim for failure to state a claim. Dkt. No. 13. He does not challenge Mr. Baidan's first claim for excessive force under Rule 12(b)(6). *Id.* Mr. Baidan opposes Officer Shull's partial motion to dismiss. Dkt. No. 18. The Court finds this matter suitable for decision without oral argument and vacates the hearing scheduled for October 15, 2024. *See* Civil L.R. 7-1(b).

Upon consideration of the moving and responding papers, the Court grants Officer Shull's partial motion to dismiss, with leave to amend.

---

[1] All named parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 19, 22.

## I. BACKGROUND

According to the complaint, "on or about May 26, 2022, at approximately 11:00 p.m.," Mr. Baidan was in his bed preparing to go to sleep. Dkt. No. 1 ¶ 5. At this time, Officer Shull entered "private property" (presumably, the residence where Mr. Baidan was preparing to sleep) and asked Mr. Baidan "if [Mr. Baidan] had intentionally spit on his wife, Valentyna Baidan." *Id.* ¶ 6. Mr. Baidan "denied ever spitting on his wife and informed [Officer Shull] that his wife was blackmailing him, asking him to leave the house, and threatening malicious prosecution if he did not comply with her demands." *Id.* Officer Shull responded that "he was going to arrest [Mr. Baidan] one way or the other" and proceeded to handcuff him. *Id.* Mr. Baidan informed Officer Shull that "he is disabled" and "needs his hands for crutches or a wheelchair." *Id.*

Mr. Baidan alleges that Officer Shull "forcefully dragged" Mr. Baidan to the officer's police vehicle and "tried to forcefully push [Mr. Baidan] in, triggering heart failure." *Id.* Mr. Baidan says he told Officer Shull that he was unable to breathe and had chest pain. *Id.* An ambulance was called and Mr. Baidan was taken the emergency room at El Camino Hospital. *Id.* At the hospital, Officer Shull "used animal restraints to chain [Mr. Baidan] to a wheelchair." *Id.* Office Shull subsequently provided a written statement to Mr. Baidan asserting that Mr. Baidan had been temporarily detained but not arrested. *Id.* He removed Mr. Baidan's restraints and left the hospital. *Id.*

Mr. Baidan alleges that, as a result of Officer Shull's actions, he "suffered critical damage to his heart with no possibility of full recovery." *Id.* ¶ 7. He states that he is scheduled to undergo open-heart surgery. *Id.* Mr. Baidan seeks compensatory damages "in an amount to be determined at trial," as well as punitive damages and attorneys' fees. *Id.* at 3.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be

taken as true and construed in the light most favorable to the claimant.  *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("*Prager I*"), No. 17-cv-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)).  Nor does the Court accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).  However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679.  A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.*  A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678.

## III. DISCUSSION

Section 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  A claim for civil rights violations under § 1983 requires two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988). Officer Shull does not dispute that the complaint adequately alleges he acted under color of state law.  He argues that Mr. Baidan has not alleged facts sufficient to support a plausible claim for unlawful arrest.  Dkt. No. 13 at 3.

### A. Mr. Baidan's Unlawful Arrest Claim

To state a claim for unlawful arrest, Mr. Baidan must allege facts plausibly showing that he was arrested without probable cause. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). "Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable officer would conclude there is a fair probability that the person arrested had committed or was committing a crime. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012); *see also Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.").

In support of his claim that Officer Shull arrested him without probable cause, Mr. Baidan alleges that: (1) Officer Shull questioned him about whether he intentionally spit on his wife; (2) he denied doing so; but (3) despite this denial, Officer Shull arrested him. Dkt. No. 1 ¶ 6. The complaint does not identify the offense for which Mr. Baidan was arrested.

Officer Shull moves to dismiss on the ground that the facts alleged support the existence of probable cause for an arrest for misdemeanor spousal battery under California Penal Code § 243(e). Dkt. No. 13 at 6. Specifically, he argues that the only reasonable inference that can be drawn from Mr. Baidan's allegations is that Mr. Baidan's wife, Valentyna Baidan, reported to law enforcement that he *had* intentionally spit on her, and that Officer Shull responded to and acted upon that report. *Id.* at 4, 6. Officer Shull contends that, in order to counter a theory of probable cause based on his wife's report, Mr. Baidan would have to allege that Officer Shull failed to independently investigate his wife's complaint before deciding to arrest Mr. Baidan. *Id.* at 6 (citing *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir. 2003)).

In opposing Officer Shull's motion, Mr. Baidan does not dispute that spitting on his wife would support a charge of spousal battery, and he does not appear to dispute that his wife told Officer Shull that Mr. Baidan spit on her. Dkt. No. 18 at 2, 3. Rather, he appears to suggest that the assertions his wife made to Officer Shull were not credible.[2] *Id.* Mr. Baidan does not address

---

[2] To the extent Mr. Baidan relies on matters outside his complaint, such as the "Transcript of Police Interaction – DV-19" attached as Exhibit A to his opposition, the Court may not consider

4

Officer Shull's contention that the complaint must affirmatively allege a failure to investigate the bases for his wife's battery claim.

The complaint does not plead facts sufficient to support a claim for unlawful arrest. Mr. Baidan's opposition suggests that he was aware Officer Shull entered his "private property" in response to a report from Mr. Baidan's wife that she had been battered—circumstances which bear directly on whether Mr. Baidan properly may assert a claim for unlawful arrest—but the complaint simply omits any factual allegations regarding these matters. In view of Mr. Baidan's apparent concession that his wife *did* make a report to law enforcement, and that Officer Shull questioned him about that report before taking him into custody, the Court cannot plausibly infer from the existing allegations that Officer Shull lacked probable cause to arrest Mr. Baidan. *See Calderon v. City of San Jose*, No. 24-cv-00289-VKD, 2024 WL 3560729, at *4 (N.D. Cal. July 26, 2024).

However, the Court rejects Officer Shull's assertion that the *only* reasonable inference to be drawn from the few facts alleged in the complaint is that Officer Shull responded to a report from Mr. Baidan's wife that Mr. Baidan spit on her and that it was objectively reasonable for Officer Shull to rely on this report as a basis for arresting Mr. Baidan. Thus, while the Court finds that claim 2 as presently pled does not state a plausible claim for unlawful arrest, it is not clear whether Mr. Baidan could state a claim if given leave to amend.

B.   **Leave to Amend**

Rule 15(a) provides that leave to amend "should be freely given when justice so requires," and "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotations and citations omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v.*

---

those matters in deciding Officer Shull's partial motion to dismiss. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (review is limited to "the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice").

*BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Because it is possible that Mr. Baidan may be able to allege additional facts supporting his claim for unlawful arrest, and because affording leave to amend will not cause undue delay or prejudice to Officer Shull, the Court grants leave to amend claim 2.

## IV. CONCLUSION

For the reasons explained above, the Court grants Officer Shull's partial motion to dismiss Mr. Baidan's second claim for unlawful arrest. If Mr. Baidan wishes to amend this claim, he must do so by filing a first amended complaint by **November 1, 2024**. He may not amend his first claim for excessive force or add any other claims to his complaint, without first obtaining leave of court.

The Court vacates the hearing set for **October 15, 2024**.

The Court continues the initial case management conference to **December 10, 2024 at 1:30 p.m.** via Zoom videoconference.

**IT IS SO ORDERED.**

Dated: October 11, 2024

Virginia K. DeMarchi
United States Magistrate Judge