UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OREST BAIDAN,<br><br>        Plaintiff,<br><br>v.<br><br>JACOB SHULL,<br><br>        Defendant. | Case No.  5:24-cv-03171-VKD<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 37 |

Before the Court is plaintiff Orest Baidan's motion for leave to file a motion for reconsideration of this Court's order (Dkt. No. 35) granting defendant's motion to dismiss his claim of unlawful arrest in the amended complaint (Dkt. No. 25).  Dkt. No. 37.  For the reasons set forth below, the Court denies Mr. Baidan's motion for leave to file a motion for reconsideration.

**I.    BACKGROUND**

In this action, Mr. Baidan asserts that defendant Jacob Shull, an officer of the Mountain View Police Department (MVPD), violated his Fourth Amendment rights when Officer Shull arrested Mr. Baidan for the offense of misdemeanor spousal battery on May 26, 2022.  Dkt. No. 1. In his original complaint, Mr. Baidan asserted two claims against Officer Shull: (1) use of excessive force in violation of the Fourth Amendment, and (2) unlawful arrest in violation of the Fourth Amendment.  *Id.* at 2.  On August 8, 2024, Officer Shull moved to dismiss Mr. Baidan's second claim for unlawful arrest pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure but did not challenge Mr. Baidan's excessive force claim.  Dkt. No. 13.  The Court granted Officer Shull's partial motion to dismiss and gave Mr. Baidan leave to amend his complaint.  Dkt. No. 23 at 6.

1  On October 31, 2024, Mr. Baidan filed an amended complaint, asserting only his second
2  claim for unlawful arrest. Dkt. No. 24. The Court granted Officer Shull's motion to dismiss the
3  unlawful arrest claim, without leave to amend. Dkt. No. 35 at 9. However, in view of Mr.
4  Baidan's pro se status and his expressed intention to proceed with the excessive force claim
5  asserted in his original complaint, the Court permitted Mr. Baidan to file a second amended
6  complaint reasserting the excessive force claim. *Id.* Mr. Baidan filed his second amended
7  complaint on February 5, 2025. Dkt. No. 38.

8  Mr. Baidan now seeks leave to file a motion for reconsideration of the Court's order
9  dismissing his unlawful arrest claim. Dkt. No. 37.

## II. LEGAL STANDARD

Civil Local Rule 7-9(b) requires a party to seek leave of court to file a motion for reconsideration. To obtain leave, the moving party must show at least one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

## III. DISCUSSION

In his motion for leave, Mr. Baidan contends that he was prevented from properly opposing Officer Shull's motion to dismiss his unlawful arrest claim because the MVPD refused to produce Officer Shull's body worn camera video footage before the Court's decision on Officer Shull's motion to dismiss. Dkt. No. 37 at ECF 1. Mr. Baidan asserts that he requested the body worn camera footage before the Court's decision but was told that the MVPD would not release the video except upon court order or in discovery. *Id.* at ECF 3. Mr. Baidan claims that the video

2

evidence would have been "exculpatory." *Id.* at ECF 4.

It is not entirely clear to the Court on what bases under Local Rule 7-9(b) Mr. Baidan seeks leave to file a motion for reconsideration. Mr. Baidan describes MVPD's refusal to release the video as a "material new fact," presumably a reference to Local Rule 7-9(b)(2). Dkt. No. 37 at ECF 3. Mr. Baidan does not explain why, as a percipient witness himself, he requires discovery of the video evidence in order to state a claim for unlawful arrest, or why he did not plead the "material facts" he believes this evidence contains in his amended complaint or in opposing Officer Shull's motion to dismiss that claim. *See Rodriguez v. Barrita, Inc.*, No. C 09-04057 RS, 2014 WL 556044, at *1 (N.D. Cal. Feb. 10, 2014) ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)). On a motion to dismiss, the Court considers the material allegations of fact in the pleading at issue. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim where a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing whether a plaintiff has stated a claim under this rule, the Court accepts all material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Mr. Baidan was not required to prove his claim in opposing the motion to dismiss, but he was required to show that he had *alleged facts plausibly supporting a claim for relief*. *See* Dkt. No. 35 at 3-4. The Court concluded he had not done so and finds no basis for granting leave to file a motion for reconsideration of that conclusion under Local Rule 7-9(b)(2).

Mr. Baidan also contends that he discovered "key factual discrepancies" upon "reexamin[ing] a separate recording labeled DV-14, which was recorded by a different officer standing at a distance." Dkt. No. 37 at ECF 3. He asserts that this discovery "reinforc[ed] the need for Shull's direct footage to assess the true context of the arrest" as DV-14 "fails to document the entire encounter." *Id.* Liberally construed, this explanation appears to be an attempt to invoke Local Rule 7-9(b)(1), which permits reconsideration where there is a material change of fact or law. However, to properly invoke this basis for reconsideration, the party asserting a material

1  change must show that "in the exercise of *reasonable diligence* the party applying for
2  reconsideration did not know such fact or law at the time of interlocutory order." Civil L.R. 7-
3  9(b)(1) (emphasis added). Mr. Baidan does not meet this burden. First, Mr. Baidan offers no
4  explanation for why these "key discrepancies" were not discoverable previously, given that he
5  appears to have had access to the DV-14 video. *See* Dkt. No. 37 at ECF 2 ("Since the dismissal,
6  Plaintiff has reexamined a previously overlooked bodycam video (DV-14) from another officer.");
7  *see also Citcon USA, LLC v. RiverPay Inc.*, No. 18-cv-02585-NC, 2019 WL 570752, at *3 (N.D.
8  Cal. Feb. 12, 2019) (denying motion for leave where, *inter alia*, plaintiff "present[ed] new cases to
9  the Court which were decided before the Court's order but with no showing that it exercised
10 reasonable diligence when it failed to cite them earlier."). Second, the Court is not persuaded that
11 all of these "discrepancies" were unknown to Mr. Baidan at the time of the Court's order
12 dismissing the claim such that he could not reasonably point to them in his opposition to Officer
13 Shull's motion to dismiss. For example, he identifies one discrepancy as the fact that his
14 interrogation by Officer Shull "lasted only five minutes, whereas officers spent two hours
15 questioning Plaintiff's ex-wife." Dkt. No. 37 at ECF 3. Setting aside the question of materiality,
16 both of these facts were clearly known to Mr. Baidan in advance of the motion to dismiss briefing:
17 (1) Mr. Baidan was present and has personal knowledge of his conversation with Officer Shull and
18 (2) it is Mr. Baidan who introduced transcripts attached to the amended complaint purporting to be
19 a conversation between his ex-wife and the officers at the station. *See* Dkt. No. 24, Exs. A and B.
20 Similarly, Mr. Baidan cites to footage from DV-14 indicating that he attempted to explain to the
21 officers that his ex-wife spat on him but they disregarded this. Dkt. No. 37 at ECF 3. Again, this
22 is information that is within Mr. Baidan's personal knowledge as he was present during his *own*
23 conversation with the officers. Thus, not only has he failed to show reasonable diligence in
24 uncovering these purportedly unknown facts, he further fails to show that such facts were actually
25 unknown. The Court finds no basis to grant leave to file a motion for reconsideration under Local
26 Rule 7-9(b)(1).
27     Finally, Mr. Baidan asserts that the MVPD's failure to produce Officer Shull's body
28 camera video footage constitutes a "manifest injustice" as it meant the Court's decision was based

4

on "an incomplete and one-sided evidentiary record." Dkt. No. 37 at ECF 2, 4. In making this argument, Mr. Baidan again appears to confuse the standard applied by the Court at the motion to dismiss stage. In assessing whether the amended complaint stated a claim for unlawful arrest, the Court accepted all non-conclusory factual allegations as true, including the exhibits attached to the amended complaint, and construed those allegations in the light most favorable to the plaintiff. *See* Dkt. No. 35 at 5-9. Again, Mr. Baidan was not required to prove his allegations; he was required to plead facts sufficient to permit the Court to draw a reasonable inference that Officer Shull is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In granting Officer Shull's motion to dismiss, the Court determined that even if it *accepted as true all the alleged non-conclusory facts pled by Mr. Baidan*, the amended complaint failed to state a claim for unlawful arrest. Dkt. No. 35 at 6-9.

Accordingly, the Court concludes that there is no justification for reconsideration based on Mr. Baidan's assertion that the MVPD had not yet produced Officer Shull's body worn camera video at the time Mr. Baidan filed the amended complaint or at the time he opposed Officer Shull's motion to dismiss his unlawful arrest claim.

## IV.     CONCLUSION

As Mr. Baidan has not shown that any of the grounds permitting reconsideration under Local Rule 7-9(b) apply, the Court denies Mr. Baiden's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: June 20, 2025

Virginia K. DeMarchi
United States Magistrate Judge